[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, General Motors Corporation ("GM"), applies to vacate an award rendered by an arbitration panel under the provisions of the Connecticut "lemon law." General Statutes §§ 42-179 through 42-186. The State of Connecticut, as an intervening defendant, opposes the application. For the reasons stated below, the court denies the CT Page 16172 application to vacate.
 BACKGROUND
On August 9, 2000, the arbitration panel, by a two to one vote, made the following findings. The defendants, Fred and Sharon Rotundo, purchased a 1999 General Motors Chevrolet Tahoe from Clyde Chevrolet on April 29, 1999.[1] The Rotundos first reported a defect pertaining to squealing brakes on June 21, 1999, after the vehicle had been driven 1,600 miles.[2] Subsequent repair attempts occurred on eight additional dates through June 19, 2000.
The panel found that the vehicle had been subject to a reasonable number of repair attempts for a defect which continued to exist and which substantially impaired the use, value or safety of the vehicle for the consumer. In a supplemental statement of reasons, the panel stated that it "believes the problem with the braking system has not been resolved, which substantially affects the value and, possibly, the safety of the car." The award required that General Motors accept return of the vehicle and refund the Rotundos the purchase price minus a reasonable offset for the use of the vehicle.
 DISCUSSION
General Statutes § 42-179 (d) provides that a manufacturer shall replace a motor vehicle "if the manufacturer, or its agents or authorized dealers are unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition which substantially impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of attempts . . . ." After a case goes to arbitration on this issue, the function of a reviewing court is to determine whether there is "substantial evidence in the record to support the arbitrators' findings of fact and whether the conclusions drawn from those facts are reasonable." General Motors Corp. v. Dohmann,247 Conn. 274, 282, 722 A.2d 1205 (1998). "If the arbitrators fail to state findings or reasons for the award, or the stated findings or reasons are inadequate, the court shall search the record to determine whether a basis exists to uphold the award." General Statutes § 42-181
(c)(4).
GM's main argument is that there is insufficient evidence to support the arbitrator's finding that the Tahoe has a "defect or condition which substantially impairs the use, safety or value of the motor vehicle."[3]
Initially, GM contends that there is no finding or evidence that the brake noise was a "defect" in the Tahoe and that instead all the evidence points to the brake noise as being a normal characteristic of that CT Page 16173 vehicle.
As a threshold matter, the statute does not require a "defect" but rather extends to a "defect or condition." General Statutes § 42-179
(d). In any event, the panel's findings of fact refers to a "defect" in the vehicle four times. There was, in fact, substantial evidence that the brake squeal was a defect rather than a normal characteristic. Although the owner's manual did inform customers that "[s]ome driving conditions or climates may cause a brake squeal from the brakes on first apply or lightly [sic] apply," the panel heard evidence that the brake squeal was not just on initial application of the brakes but rather continued for the duration of the braking. Further, according to the evidence, there were two occasions when the brakes made severe noise even though they were not being applied. of some bearing, also, was testimony that GM did not claim that the brake noise was normal until the end of the numerous attempts to repair the vehicle. Thus the panel had substantial evidence from which to conclude that the brake squealing was a defect rather than a normal characteristic of the Chevrolet Tahoe.
The second part of GM's argument is the contention that there was insufficient evidence that the defect or condition "substantially impair[ed] the use, safety or value of the motor vehicle . . . ." Under the lemon law, the standard for determining whether a defect substantially impairs the use, safety or value of a motor vehicle is both subjective, focusing on the consumer's desires, needs, and circumstances, and objective, focusing on whether these desires, needs, and circumstances are reasonable. General Motors Corp. v. Dohmann,
supra, 247 Conn. 291. In this case, GM submits that, while there may have been subjective evidence of how the consumers felt about the squeal in the brakes, there is no objective evidence of substantial impairment.
While the court agrees that there was no objective evidence that the braking condition impaired the safety or use of the car, the court finds that there was sufficient evidence of impairment to its value. The record reviewed by the panel establishes that the consumers brought the car in for servicing of excessive brake noise on nine occasions over a one year interval beginning only two months after purchase. The repair invoices presented to the panel reveal that on two of these occasions — July 22 and September 1, 1999 — mechanics at the dealership confirmed the consumer's complaint. The panel heard and read the consumers' complaint that, on two occasions, the brakes made a squealing noise when not applied. Further, there was expert testimony that brake noise lasting beyond the initial application of the brakes, as was the case here, is not typical. The repair invoices show that, over the course of servicing, mechanics resurfaced the brake rotors and replaced the brake pads on several occasions and replaced the rotors once.[4] As the panel CT Page 16174 found, despite all the servicing, the problem persisted. Indeed, the consumers testified that brake problems have worsened in that it now takes more pressure to apply the brakes.
This evidence provided a substantial basis for the panel to have concluded that the brake noise substantially impaired the value of the car, not just to the consumer in this case but to a reasonable consumer. The panel need not have found that this case involved just two pesky owners and a dealer attempting to mollify them. Rather, the panel could reasonably have found that brake noise was a genuine, recurring problem that would have annoyed any reasonable driver and that the problem defied bona fide repair. The panel could have reasonably concluded, based on the substantial evidence set out above, that excessive brake squealing made operation of the vehicle unusually unpleasant and therefore substantially impaired its value.
 CONCLUSION
The application to vacate the arbitration award is denied.
Carl J. Schuman Judge, Superior Court